IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAN SCHMIDT,

       Petitioner,

v.                                          CASE NO. 5:08-cv-97-RS-AK

WALTER MCNEIL,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by

Dan Schmidt.  Respondent has filed his response, Doc. 15, and Petitioner has filed his reply.

Doc. 23.  Petitioner has also filed a motion for equitable relief.  Doc. 33.  This cause is now in a

posture for decision.  Having carefully considered the matter, the Court recommends that the

petition and the motion be denied.

## BACKGROUND

In September, 2006, Petitioner was issued a disciplinary report for possession of

contraband in violation of prison rules.  More specifically, he was charged with possessing two

manilla envelopes containing the "legal work" of two other inmates.  After notice and hearing,

Petitioner was convicted of the offense and was sentenced to a forfeiture of 20 days of gain time.

Doc. 15, Ex. D.  At his hearing and during the administrative grievance process, Petitioner

admitted "the facts as alleged were true" but argued that he was authorized by prison rules to

assist other inmates in the preparation of legal documents and that the legal assistance rule was an exception to the contraband rule. *Id*.

He exhausted his administrative remedies and then filed a petition for writ of mandamus in state court, advancing the same argument and concluding that because "it is not possible for inmates to aid and assist each other...without possessing the file from the person in need of assistance," he was "immune from being punished under the law." Doc. 15, Ex. B.

In a lengthy order, the state court denied the petition, finding:

> Plaintiff is not entitled to mandamus relief because he has not demonstrated that he was not afforded the due process owed to him; nor has he shown that the DOC departed from the essential requirements of the law; and, he has not demonstrated that the agency's decision is not supported by competent substantial evidence. Indeed, the pleadings, papers and documents which constitute the record in this case demonstrate conclusively that plaintiff was afforded due process. So long as there is a modicum of evidence to support the DOC's decision, the agency comports with due process.

> [T]he record demonstrates conclusively that the agency provided notice of the charge, gave plaintiff an opportunity to be heard and made its decision based on the facts presented which demonstrated a violation of [the rules] making the possession of other inmates' legal materials an infraction.

> Finally...plaintiff's claim that he is entitled to immunity "from being punished under the law" [is] frivolous. Plaintiff has not pleaded nor has he proven by the slimmest of evidence that he is a person within the Florida State Prison system who is permitted to assist other inmates in the preparation of legal documents and mail pursuant to the rules and regulations of the DOC. The records conclusively demonstrate that plaintiff was in the possession of other inmates legal papers; they do not demonstrate that plaintiff was assisting other inmates to prepare the documents.

Doc. 15, Ex. F (citing *Wolff v. McDonnell*, 488 U.S. 539 (1974); *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985)).

Petitioner then filed a petition for writ of certiorari with the court of appeal.  The court denied the petition on the merits.  Doc. 15, Ex. L.

The instant petition followed.  Doc. 1.  On this occasion, Petitioner claims that he was engaged in "constitutionally protected conduct" at the time the DR was issued, i.e., he was "providing inmate-to-inmate assistance to fellow prisoners...and possessing their legal files for said purpose." *Id.*  He argues that the state court decisions are not entitled to deference because they are contrary to or involve an unreasonable application of clearly established Supreme Court precedent regarding the right of prisoners to legal assistance.  *Id.*  Petitioner seeks the expungement of the DR, the restoration of the forfeited gain time, and an award of 25 days "he would have received 'but for' the unconstitutional action of state agents...." *Id.*  In his motion for equitable relief, he asks the Court to direct Respondent "to review the Department's file on Petitioner and to expunge all disciplinary reports and to restore all gain time forfeited and not awarded [for] possessing another prisoner's legal work while providing inmate-to-inmate assistance...."  Doc. 33.

## **DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, 549 U.S. 70 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision.  *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).  Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation.  *Id*. at 1254-55.

Petitioner does not claim that the "procedures" under which he was convicted of the DR were unconstitutional or that there was not "some evidence" to support the factual determination of guilt.  Therefore, the Court will not dwell on compliance with *Wolff* and its progeny.  Rather, Petitioner focuses entirely on an argument that the rule prohibiting inmates from passing items among themselves, inmate-to-inmate, is unconstitutional under the circumstances of his case because it infringes on the constitutional rights of inmates to receive legal assistance.  This argument, while intriguing, is without merit.

Respondent does not dispute that prisoners have a constitutional right to legal assistance. *See Johnson v. Avery*, 393 U.S. 483 (1969) (striking down prison rule which prohibited inmates from assisting other inmates with legal work); *Younger v. Gilmore*, 404 U.S. 15 (1972) (prison officials must provide indigent prisoners with access to reasonably adequate law library; rule requiring that all legal materials remain in possession of inmate to whom they pertain upheld as

constitutional); *see also Gilmore v. Lynch*, 319 F. Supp. 105 (N.D. Cal. 1970).  Indeed, the

prison rules specifically provide:  "Inmates may assist other inmates in the preparation of legal

documents and legal mail."  Fla. Admin. Code Ann. r. 33-210.102(12).  The rules also specify

that prisoners must be "allowed to prepare legal documents and legal mail in their living areas"

or other designated areas "specifically for this purpose."  Fla. Admin. Code Ann. r. 33-

210.102(4).  Finally, the rules explain the use of prison law libraries and the role of inmate law

clerks to assist other prisoners with their legal documents and mail.  *See generally*, Fla. Admin.

Code Ann. r. 33-501.301.

Therefore, the rules provide ample opportunity for inmates needing legal assistance to

receive that assistance, and it is to that inmate, not the one who gives the assistance, that *Johnson*

speaks.  However, even *Johnson* recognizes that the institution can set and regulate the

perimeters of that assistance by specifying, for example, the time and place assistance can be

provided.  While Petitioner certainly may not be punished simply for giving assistance to another

inmate, he may be punished for crossing the perimeters the prison has established for that

purpose.  Thus, although Petitioner may, for example, sit across the table from another inmate

and review that inmate's legal documents, he may not, as he did in this case, take those

documents outside the designated area.  If he does, then what otherwise would not be considered

contraband becomes contraband because it is something that has passed between the inmates

without authorization, Fla. Admin. Code Ann. r. 33-602.203(1)(b), and is punishable under the

rules.  Fla. Admin. Code Ann. r. 33-601.314, 3-12.  The result would be no different even if

Petitioner were an authorized inmate law clerk, as an inmate law clerk "shall not take another

inmate's personal legal papers out of the law library unless approved in writing by the law

library supervisor," and if he does take "another inmate's personal legal papers out of the law library [without authorization, he] shall be subject to formal disciplinary action as provided [in the rules.]" R. 33-501.301(p)2.  The right recognized in *Johnson* was not meant to protect the prisoner providing the assistance, such as Petitioner, because it is not his constitutional right of access to the courts that is at issue.  If the guards in this case had not returned the subject legal documents to the rightful owners, then their rights might have been infringed, and they, not Petitioner, might have a right to complain.  As it stands, however, Petitioner was not punished because he was rendering legal assistance but because he had in his possession other inmates' documents, which, once taken out of the designated area, became contraband.  If Petitioner stays within the perimeters of the rules, then he can assist as many other inmates as his time and knowledge–and prison regulations–allow.  Without dispute, Petitioner is literate and knowledgeable and has much to recommend him as a legal assistant, and if he has not done so, he should consider applying to be an inmate law clerk.  But he must work within the framework established by prison authorities, and he cannot claim that he did not know or understand the repercussions of his actions in this case, as he had previously been counseled for similar conduct on other occasions.

In short, Petitioner's constitutional rights were not violated in this case.

As to Petitioner's motion for equitable relief, wherein he seeks expungement of all the other DR's he has received for possessing other inmates' legal work, it should be denied for the same reasons outlined *supra*.

## CONCLUSION

Having carefully considered the matter, the Court respectfully **RECOMMENDS**:

That the petition for writ of habeas corpus, Document 1, be **DENIED**;

That the motion for equitable relief, Doc. 33, be **DENIED**;

That this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this __23rd__ day of March, 2009.

_s/ A. KORNBLUM_

**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**